## SETTLE v. ARTHUR.

### No. 2926.

Court of Civil Appeals of Texas. Beaumont.
March 28, 1936.

Fowler & Conn, of Houston, for appellant.

J. A. Collier and M. L. Pepper, both of Houston, for appellee.

O'QUINN, Justice.

Appellee sued appellant and J. L. McLamore, alleging that they were in the business of selling used cars and on December 5, 1933, had in their possession a certain Chevrolet automobile, 1931 model coach, and held themselves out as the owner of said car, and on said date sold same to him for the sum of $338.96, of which he paid in cash $200, and later paid the balance of $138.96; that at the time of said sale to him of said car they gave him a bill of sale from the record owner of same, whose name, according to the records, was A. R. Reynolds, representing to appellee

that they bought said car from said Reynolds, and therefore were the owners of same; that in fact said car was a stolen automobile, which fact was unknown to him at the time of the purchase and was not disclosed to him; that on March 4, 1934, one O. R. Ralston, the real owner of said car, claimed same, asserting that it had been stolen from him on September 27, 1933, and took said car from appellee; that as a result of thus losing said car he was damaged in the sum of $338.96, which he demanded of said defendants, and which they and each of them failed and refused to pay to him. Appellee further alleged that he expended the sum of $102.07 in repairing said car for which he was entitled to recover. He further alleged that the defendants, at the time they sold him said car, knew, or by the exercise of reasonable care should have known, that it was a stolen car, and prayed for judgment jointly and severally against both defendants for the amount paid for the car and the sum expended for repairs.

The defendant R. C. Settle answered by general demurrer, general denial, and specially denied that he and defendant J. L. McLamore were partners on December 5, 1933, when appellee purchased the car from J. L. McLamore, and that he (Settle) did not have any interest in said car, and did not give any bill of sale to said car. He further answered that he did not authorize, or have any interest in authorizing, appellee to expend any money for repairing same. He further answered that the only interest he at any time whatsoever had in said automobile sold appellee by the defendant McLamore was a mortgage lien on said car for $138.96 given by appellee to J. L. McLamore in the purchase of said car and assigned by said McLamore to him (Settle). This answer was duly verified.

The case was tried to the court without a jury, and judgment in favor of appellee rendered against both defendants, J. L. McLamore and R. C. Settle, jointly and severally, in the sum of $345.89. Settle prosecutes this appeal.

The court filed his findings of fact and conclusions of law, which are:

"Findings of Facts.

"I. I find that the Plaintiff, McKinley Arthur, on the 5th day of December, A. D. 1933, purchased from the Defend-

462

ants, R. C. Settle and J. L. McLamore, a 1931 Model Chevrolet Coach, paying the sum of Three Hundred Twenty-six Dollars ($326.00) for the same.

"II. I further find that both of said Defendants are in the business of selling used cars and held themselves out to the public, as well as to the Plaintiff, as being the owners of the said automobile in question, and took Plaintiff's said sum of Three Hundred Twenty-six Dollars ($326.-00) and appropriated the same to their own use and benefit.

"III. I further find that the said automobile was a stolen automobile, which fact was unknown to any of the parties at the time of the purchase of the same and the sale thereof, and that one, O. R. Ralston, was the true owner of said automobile.

"IV. I further find that said true owner, acting by and through the Police Department of the City of Houston, recovered the said automobile from the Plaintiff on the 4th day of March, A. D. 1934.

"V. I Moreover find that Plaintiff has made demand upon the Defendants to return to him the said sum of Three Hundred Twenty-six Dollars ($326.00) which was paid for the said automobile, but that the Defendants have never paid the same or any part thereof to said plaintiff.

"VI. I find as a fact that the said Defendants, R. C. Settle and J. L. McLamore, as well as a third (3rd) person, one Mr. Dodge, shared the expenses, profits and loss in their conducting of the said business of selling used cars.

## "Conclusions of Law.

"I. I conclude that as a matter of law, that said Defendants, R. C. Settle and J. L. McLamore, were partners in the sale of the said automobile in question to Plaintiff, and that since the said automobile proved to be a stolen automobile, which Plaintiff was compelled to return to its true owner, that the said Defendants are jointly and severally liable to Plaintiff in the sum of Three Hundred Twenty-six Dollars ($326.00), the amount paid by Plaintiff to Defendants for said automobile, for breach of the implied warranty in the sale of said automobile, and I, therefore, find for the said plaintiff against the said Defendants in the sum of Three Hundred Twenty-six Dollars ($326.00).

"II. I moreover conclude that said Defendant, R. C. Settle, having held himself out to the public, as well as to Plaintiff, as being the owner of the said automobile, is liable to Plaintiff for the said sum of Three Hundred Twenty-six Dollars ($326.00), which Plaintiff paid for said stolen automobile.

"Frank Williford, Jr.,
"Judge."

■ It is seen that the judgment is based upon the court's finding that the defendants J. L. McLamore and R. C. Settle were partners in the business of selling used cars and that appellee purchased the car in question from them as such partners. Settle, by verified answer, denied such partnership, and further denied that he ever had any interest in the car other than as the holder of a chattel mortgage upon same for money loaned by him to McLamore. The burden of proving the partnership was upon appellee. He placed Settle on the stand as his witness. Settle consistently denied any such business relation with McLamore. He testified that he was engaged in the auto-loan finance business; that he was not engaged in the sale of used cars, except when, sometimes, he had to take them over for debt and would have to dispose of them. J. L. McLamore was sworn as a witness for appellee, and he testified that he was engaged in the sale of used cars for himself and by himself; that Settle was not connected with his business, and had nothing to do with same; that Settle was in the finance business, loaning money on cars and taking liens on the cars to secure the payment of the loans; that he (McLamore) borrowed money from Settle at times in financing his business; that he (McLamore) sold the car to appellee; and that Settle was in no wise concerned or interested in the sale, but that Settle made a loan to him and took a chattel mortgage on the car to secure the payment. R. C. Dodge was sworn as a witness for appellee, and testified that he was engaged in the sale of used cars, and that Settle financed him in said business by loaning him money, when needed, taking chattel mortgages on the cars to secure the repayment of the loans. He also testified that Settle sometimes had to repossess cars on which he had loaned money in his finance business, and then sold such cars. He further testified that both he and McLamore were individually engaged in handling used

cars and that Settle financed them when requested; that, when Settle repossessed a car, he would put it out on the car lot, and that he (Dodge) and McLamore would sell it for Settle and Settle would pay a commission on the sale; that either of them was authorized to sell the car. O. C. Savage, a witness for appellant, testified that he had been in the automobile business about six years; that he knew Settle and the location of his place of business; that he was acquainted with Dodge and McLamore and knew that they were in the used car business; that he had known Settle for some six years; and that he (Settle) was not in the used car business, but in the finance business.

There was no direct testimony as to the existence of the partnership alleged by appellee. He testified that he bought the car from McLamore, that McLamore wanted $350 for the car, and that he offered $300 which McLamore accepted, and that, when he and McLamore and a boy named George went down to the parking lot where the car was to talk to Settle about the money, Settle said "all right let him have it for $300.00," and that then he went and got his wife and they went to the post office and got $200 out of their postal savings and went back and closed the purchase of the car with McLamore, and that, when he paid the $200, Settle "picked it up and gave McLamore some of it." He further testified that, when he was making arrangements for the remaining amount to be paid for the car and Settle had made out a chattel mortgage on the car for the amount, he suggested to Settle that he (appellee) go to Mr. Hughes and get the money, and Settle replied, "Never mind about that I finance my own deals"; that, when the car was taken from him because it was a stolen car, he went to McLamore and Settle and asked them to give him his money back, and Settle said if I would find Reynolds (that was the person from whom McLamore got the car) he would give me my money back—that Settle then said for me to let the amount go on another car—offered me a discount of $75 on another car. (Appellee had paid Settle $138.-96 the amount that fell due to McLamore secured by chattel mortgage to Settle, who financed the loan.) It was shown that Settle had an office at 1207–1209 Polk street, Houston, Tex., where he conducted his finance business; also that McLamore

and Dodge each used the parking space there for display and sale of used cars together with the office used by Settle; that the three of them, Settle, McLamore, and Dodge; paid $60 monthly rental for the place. This monthly rental was paid $20 by each of them.

 There is a full statement of facts in the record. There was no direct evidence of the alleged partnership, and the above is a substantial statement of the facts and circumstances offered to show such partnership. We do not believe that they were sufficient to raise the issue. They surely do not support the court's findings as to same nor the judgment rendered.

 The court found, and the evidence fully supports this finding, that the automobile in question was a stolen automobile, but that this fact was not known to any of the parties at the time of its purchase by McLamore nor at the time of its sale to appellee.

Because the finding of the court on the question of the alleged partnership and the judgment based upon same are without substantial support in the evidence, the judgment is reversed, and the cause remanded for another trial.

Reversed and remanded.